UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM B. FUCCILLO, FUCCILLO
ENTERPRISES OF FLORIDA, INC. and
FUCCILLO AUTOMOTIVE GROUP,
INC.,

    Plaintiffs,

v.                                            Case No: 8:18-cv-1236-T-36AEP

TRENT SILVER,

    Defendant.
_____/

## **O R D E R**

This matter comes before the Court upon Defendant Century Enterprises, Inc.'s Motion for Prevailing Party Attorneys' Fees and Costs and Supporting Memorandum of Law (Doc. 32), Plaintiffs' Memorandum of Law in Opposition to Century Enterprises, Inc.'s Motion for Attorneys' Fees and Costs (Doc. 34), Defendant Century Enterprises, Inc.'s Reply in Support of its Motion for Prevailing Party Attorneys' Fees and Costs (Doc. 43), Plaintiff's Notice of Supplemental Filing (Doc. 56), and the Report and Recommendation of Magistrate Judge Porcelli ("R&R") (Doc. 63), which was issued after two telephonic hearings. In the R&R, Magistrate Judge Porcelli recommends that Defendant Century Enterprises Inc.'s ("Century") Motion for Attorney Fees and Costs (Doc. 32) be granted-in-part and denied-in-part and that Century be awarded $34,005.50 in fees and costs, plus any additional fees incurred after April 2019. Doc. 63. Plaintiffs filed Objections to the Report and Recommendation arguing that this case does not meet the standards for an award of fees and, even if it does, the amount of fees recommended by the R&R should be reduced. Doc. 63. In response, Century contends that Plaintiffs' Objections should be overruled. Doc. 69. After an independent *de novo* review of the parties' submissions, the Court

will overrule Plaintiffs' Objections and the Report and Recommendation of the Magistrate Judge will be adopted, confirmed, and approved in all respects.

I.     **BACKGROUND**

Plaintiffs filed this action against two defendants, Century and Trent Silver, raising various claims related to Silver's registration of the webpage "billyfuccillo.com," which Plaintiffs allege Silver then redirected to the webpage of Plaintiffs' competitor, Century. Doc. 1 ¶¶ 26, 29. Plaintiffs allege that Century was involved in this scheme and claim that Century committed cyberpiracy and unfair competition in violation of 15 U.S.C. § 1125, violated Florida's Deceptive and Unfair Trade Practices Act, §§ 501.201-.203 ("FDUTPA"), engaged in common law unfair competition, and violated Plaintiff William B. Fuccillo's right of publicity under Florida law. *Id.* ¶¶ 38-73.

Plaintiffs alleged no facts in their Complaint to state a claim against Century. Doc. 28 at 12 (finding that no facts alleged in the Complaint showed any action by Century that would support Plaintiffs' claims). As a result, the Court dismissed the claims against Century and provided Plaintiffs leave to file an Amended Complaint, but cautioned that the failure to file an Amended Complaint would result in dismissal of the action against Century. *Id.* at 14. Plaintiffs did not file an Amended Complaint and Century was dismissed as a party to this action. Doc. 31.

Following the dismissal, Century filed the instant motion for prevailing party attorneys' fees under the Lanham Act, arguing that this is an exceptional case which warrants an award of fees, and under FDUTPA, which also contains a fee provision. Doc. 32. Century argues that Plaintiffs filed this case against it without conducting any investigation and failed to voluntarily dismiss their claims against it after it was apparent that Century had no involvement in the webpage being redirected to its domain. Doc. 32 at 4-5. Indeed, Silver admitted that Century was not

involved. *Id.* at 5. Because Plaintiffs persisted with their claims despite the lack of evidence to support them, Century incurred costs in defending the lawsuit. *Id.* at 6. Century seeks to recover $127,418.50 in attorneys' fees and 857.30 in costs. *Id.* at 7-8.

Plaintiffs oppose the motion, arguing that this case is not exceptional so as to warrant an award of fees under the Lanham Act because they asserted a colorable legal argument against Century on an issue for which there was no controlling precedent. Doc. 34 at 12. Plaintiffs also argue that Century is not entitled to attorneys' fees or costs under FDUTPA because it involved conservative prosecution of an issue of first impression, causing the factors considered under FDUTPA to weigh in their favor. *Id.* at 34. Plaintiffs further argue that even if Century is entitled to attorneys' fees, their rates and hours should be significantly reduced. *Id.* at 14-19.

Magistrate Judge Porcelli entered the R&R recommending that Century be awarded attorneys' fees in the amount of $34,005.50. Doc. 63 at 16. Plaintiff filed the instant Objections, to which Century responded. Docs. 66, 69.

## II. LEGAL STANDARD

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Kenny v. Critical Intervention Servs., Inc.*, 358 F. Supp. 3d 1348, 1351 (M.D. Fla. 2019). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The

district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

## III. DISCUSSION

### A. Entitlement to Fees

Under the Lanham Act, a court may award a prevailing party reasonable attorney fees "in exceptional cases." 15 U.S.C. § 1117(a). An "exceptional case" is one that " 'stands out from others,' either based on the strength of the litigating positions or the manner in which the case was litigated." *Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). The determination of whether a case stands out from others is a matter that is within the discretion of the district court upon consideration of the totality of the circumstances. *Domond v. PeopleNetwork APS*, 750 F. App'x 844, 848 (11th Cir. 2018). Where a case is baseless, the district court acts within its discretion in awarding fees and costs under the Lanham Act. *Id.* (affirming an award of attorneys' fees under the Lanham Act because the plaintiff's position was "unusually weak").

FDUTPA also contains a prevailing party fees provision for civil litigation involving a FDUTPA claim. § 501.2105(1), Fla. Stat. To recover attorneys' fees under FDUTPA, the prevailing party's attorney must submit a sworn affidavit regarding the time expended in litigating the action. *Id.* § 501.2105(2). "The fees recoverable are those devoted to the entire action, not merely the FDUTPA claim, 'unless the attorney's services clearly were not related in any way to establishing or defending an alleged violation of chapter 501." *Alhassid v. Bank of Am., N.A.*, 688 F. App'x 753, 757 (11th Cir. 2017). The decision of whether to award fees under FDUTPA is within the discretion of the trial court. *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV-

4

GOODMAN, 2017 WL 3536917, at *10 (S.D. Fla. Aug. 17, 2017).  A non-exhaustive list of seven factors should be considered by the trial court in exercising its discretion, including:

> (1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless; (6) whether the defense raised a defense mainly to frustrate or stall; (7) whether the claim brought was to resolve a significant legal question under FDUTPA law.

*Humane Soc. of Broward Cty., Inc. v. Fla. Human Soc.*, 951 So. 2d 966, 971-72 (Fla. 4th DCA 2007).

In the R&R, the Magistrate Judge recommends the Court find Century to be entitled to an award of fees under both the Lanham Act and FDUTPA.  Doc. 63 at 6.  With respect to the Lanham Act, the Magistrate Judge concludes that this is an exceptional case that stands out from others because Plaintiffs pursued this case even after learning through discovery that Century was not involved with the redirection of Plaintiffs' webpage.  *Id.* at 7.  As the Magistrate Judge recognized, Plaintiffs received responses to their discovery requests on September 27, 2018, and later admitted that they received no evidence of communications between Silver and Century.  *Id.*

Plaintiffs do not dispute these facts in their Objection.  Instead, they contend that they asserted a colorable legal argument against Century on an issue of emerging law.  Doc. 66 at 6.  In doing so, Plaintiffs rely on the Court's statement in its Order on Century's Motion to Dismiss that "[t]he Eleventh Circuit has not addressed the contours of what it means to traffic in a domain name under the ACPA, nor have many other courts."  *Id.* (citing doc. 28 at 9).

Regardless of how the Court interpreted what it means to "traffic in a domain name," under the statute it requires some sort of "transaction."  15 U.S.C. § 1125(d)(1)(E) ("As used in this

paragraph, the term 'traffics in' refers to transactions that include, but are not limited to, sales, purchases, loans, pledges, licenses, exchanges of currency, and any other transfer for consideration or receipt in exchange for consideration."). Plaintiffs alleged no facts in the Complaint of any action by Century, or transaction including Century, to connect it to the claims. Doc. 28 at 9, 11. Although Plaintiffs may have filed the case and hoped some facts would be revealed during the action—indeed, Plaintiffs argued in their response to Century's Motion to Dismiss that the case should not be dismissed until Plaintiffs had the opportunity to engage in discovery (doc. 26 at 7)— the opposite occurred. Discovery showed no relationship between Century and Silver. Doc. 63 at 7. Once it was clear that no relationship existed between Century and Silver, Plaintiffs should have discontinued their pursuit of their claims against Century. They did not. Accordingly, the Court agrees with the Magistrate Judge's assessment that this is an exceptional case.[1] *Domond*, 750 F. App'x at 848 (stating that the pursuit of an unusually week position warranted imposition of attorneys' fees under the exceptional case standard). Accordingly, Plaintiffs' Objections to the R&R's recommendation as to entitlement to attorneys' fees are overruled.

**B.  Amount of Fees**

To calculate a reasonable award of attorney's fees, courts multiply the reasonable hourly rate by the reasonable hours expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining the lodestar figure, a "reasonable hourly rate" consists of "the

---

[1] Because Plaintiffs' argument under FDUTPA is based on its assertion that its position was neither unreasonable nor frivolous so as to make the case exceptional (doc. 66 at 7), and the Court rejects this argument, the Court will not further address entitlement to attorneys' fees under FDUTPA. The Court reviewed Century's Motion for Attorneys' Fees, Plaintiffs' response thereto, and the R&R, and agrees with the Magistrate Judge's conclusion that Plaintiffs' continued pursuit of their claims against Century following discovery was unreasonable.

prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work; instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

After determining the reasonable hourly rate, the Court must then determine the number of hours reasonably expended on the litigation. *Hensley*, 461 U.S. at 434. Counsel seeking an award of fees must exercise proper billing judgment and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id.*; *see also Norman*, 836 F.2d at 1301. Where the time or fees claims appear expanded or lack documentation or support, a court may make a fee award based on its own experience and knowledge. *Norman*, 836 F.2d at 1303.

Plaintiffs do not object to the hourly rated determined to be reasonable by the Magistrate Judge. Instead, Plaintiffs contend that because Century's attorneys engaged in "block billing," and their entries are convoluted, voluminous, duplicative, and inconsistent, an across-the-board reduction is warranted. Doc. 66 at 8-9. The Magistrate Judge reviewed Century's attorneys' billing records from October 1, 2018—the date by which Plaintiffs should have realized the lack of a case against Century—and found that none of the billing entries were excessive, redundant, or otherwise unnecessary. Doc. 63 at 13-14. The Court agrees. Plaintiffs do not cite to any

instances of block billing that would warrant a reduction in fees. Accordingly, Plaintiffs' Objections to the R&R's recommendation that Century be awarded $34,005.50 are overruled.

**Accordingly, it is ORDERED AND ADJUDGED**:

1. Plaintiffs' Objections to the Report and Recommendation (Doc. 66) are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 63) is **adopted, confirmed, and approved** in all respects and is made a part of this Order for all purposes, including appellate review.

3. Defendant Century Enterprises, Inc.'s Motion for Prevailing Party Attorneys' Fees and Costs and Supporting Memorandum of Law (Doc. 32) is **GRANTED-in-part and DENIED-in-part**. Century Enterprises, Inc. is awarded attorneys' fees in the amount of $34,005.50, plus any additional fees incurred after April 2019, which will be determined by separate petition. Century's request for costs is denied.

4. A judgment as to all of Century's fees will be entered by separate order.

**DONE AND ORDERED** in Tampa, Florida on February 25, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any