# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WILLIAM B. FUCCILLO, FUCCILLO
ENTERPRISES OF FLORIDA, INC.
and FUCCILLO AUTOMOTIVE
GROUP, INC.,

    Plaintiffs,

v.                                                                                    Case No: 8:18-cv-1236-CEH-AEP

TRENT SILVER,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on the Plaintiffs' Notice of Motion Pursuant to 15 U.S.C. § 1117(d) and FRCP 41(a)(2) (Doc. 87), filed on April 23, 2021. Defendant Trent Silver has not responded to the motion, and thus the motion is deemed unopposed. *See* M.D. Fla. Local Rule 3.01(c). In the motion, Plaintiffs request the Court award statutory damages in their favor as to their claim in Count I under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), and award nominal damages in favor of Plaintiff William B. Fuccillo as to his claim under Fla. Stat. § 540.08 in Count V. Plaintiffs also seek entry of an order of dismissal pursuant to Fed. R. Civ. P. 41(a)(2) as to Counts II, III, and IV. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiffs' motion.

# DISCUSSION

Plaintiffs, William B. Fuccillo ("Billy Fuccillo"), Fuccillo Enterprises of Florida, Inc. ("Fuccillo Enterprises"), and Fuccillo Automotive Group, Inc. ("Fuccillo Auto") (collectively "Plaintiffs") sued Defendant Trent Silver ("Silver" or "Defendant") in a five-count complaint for improper use of Plaintiffs' trademarks—"Billy Fuccillo" and "Fuccillo"—following an arbitration decision in Plaintiffs' favor. Doc. 1. Through arbitration, Plaintiffs established that Silver improperly registered and used the domain name <fuccillo.com> in bad faith and with the intent to redirect Plaintiffs' customers to competitor Century Kia's website. Specifically, the arbitration panel concluded: (1) the domain name <billyfuccillo.com> was identical or confusingly similar to the trademarks "fuccillo" and "billy fuccillo" in which Fuccillo Auto and Billy Fuccillo had rights; (2) Silver had no rights or legitimate interests in <billyfuccillo.com>; and (3) Silver registered and used the <billyfuccillo.com> domain name in bad faith. As a result of these findings, the arbitration panel ordered that the domain name <billyfuccillo.com> be transferred from Silver to Plaintiffs, Fuccillo Auto and Billy Fuccillo.

After their success in recovering the <billyfuccillo.com> domain name through arbitration, Plaintiffs instituted this action for money damages against Century Enterprises, Inc. (operator of Century Kia) and Trent Silver. Defendant Century was dismissed from this action on July 9, 2019. Doc. 28. Defendant Silver, proceeding *pro se*, filed an answer to the complaint on July 20, 2018. Doc. 31.

On September 28, 2020, the court granted summary judgment[1] in favor of Billy Fuccillo and Fuccillo Auto on the ACPA in Count I and in favor of Billy Fuccillo in Count V for violation of Florida's Right of Publicity under Fla. Stat. § 540.08. Doc. 78. Thereafter, a status conference was held on February 17, 2021, to discuss scheduling the remaining claims and issue of damages for trial. Silver did not appear at the hearing and has not participated in this litigation since filing his answer in 2018.

Now before the Court is Plaintiffs' request that, in lieu of trial, the Court enter damages in their favor on Counts I and V on which they prevailed at summary judgment. Doc. 87. As to Count I under the ACPA, Plaintiffs seek statutory damages in an amount not less than $1,000 and not more than $100,000 pursuant to 15 U.S.C. § 1117(d). As to Count V, Billy Fuccillo seeks an award of nominal damages or a dismissal under Rule 41(a)(2). Plaintiffs advise they do not intend to pursue the remaining claims and accordingly request an order of dismissal pursuant to Fed. R Civ. P. 41(a)(2) as to Counts II, III, and IV. Silver has not responded to Plaintiffs' motion, and the time for doing so has expired. M.D. Fla. 3.01(c) ("A party may respond to a motion within fourteen days after service of the motion. . . . If a party fails to timely respond, the motion is subject to treatment as unopposed.").

---

[1] Plaintiffs filed an initial motion for summary judgment on August 9, 2019, which the court directed Plaintiffs to re-file to comply with the Local Rules and the requirements of the Case Management and Scheduling Order. Docs. 35, 42. On October 23, 2019, Plaintiffs re-filed their motion for summary judgment (Doc. 44), which was denied by the court without prejudice (Doc. 58). On January 8, 2020, Plaintiffs filed their Second Motion for Summary Judgment. Doc. 62. Despite being ordered to do so, Silver did not respond to any of Plaintiffs' motions. *See* Docs. 40, 52, 67.

Billy Fuccillo and Fuccillo Automotive prevailed on summary judgment on their claim in Count I under 15 U.S.C. § 1125(d). "In a case involving a violation of section 1125(d)(1) . . . , the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just." 15 U.S.C.A. § 1117(d). Plaintiffs here elect to recover an award of statutory damages, instead of actual damages and profits. Doc. 87-1 at 4. Plaintiffs do not submit any further evidence of damages, but rather, request the Court determine the amount based on "the record as it presently stands." *Id.*

On the record before it, the Court finds evidence of only one customer complaining of being redirected to Century Kia's website after clicking on the <billyfuccillo.com> domain. *See* Doc. 62-5. This evidence was presented by Plaintiffs to the arbitration panel and this Court in support of Plaintiffs' claims. The arbitration panel in making its findings noted that "[c]omplainant has submitted clear evidence that one Internet user, who sought Complainant's products, felt misled by the disputed domain name, which indeed sent him to the website of a third party." Doc. 62-2 at 38. No additional evidence of online searches being re-routed was submitted by Plaintiffs, nor have Plaintiffs submitted any evidence of lost profits due to customers being redirected to a competitor's website. Courts considering appropriate statutory damages for cybersquatting generally will take into account a number of factors,

> including the egregiousness or willfulness of the defendant's cybersquatting, the defendant's use of false contact information to conceal its infringing activities, the defendant's status as a "serial" cybersquatter—i.e., one who has engaged in a pattern of registering and using a multitude of domain names that infringe the rights of other parties—and other behavior by the defendant evidencing an attitude of contempt towards the court or the proceedings.

*Digby Adler Grp. LLC v. Image Rent a Car, Inc.*, 79 F. Supp. 3d 1095, 1108 (N.D. Cal. 2015) (quoting *Verizon Cal. Inc. v. Onlinenic, Inc.*, C 08–2832 JF (RS), 2009 WL 2706393 (N.D. Cal. Aug. 25, 2009)). Of note here, there has been no evidence that Silver engaged in "serial" cybersquatting behavior or that he used false contact information to conceal his infringing activities. That said, the Court did find that Silver clearly violated the ACPA. Given the sole customer complaint upon which the violation was founded, the Court concludes on this record that an award of the minimum statutory damages of $1,000.00 is appropriate.

Billy Fuccillo requests an award of nominal damages for prevailing on Count V. In the event of a violation of Fla. Stat. § 540.08(1):

> the person whose name, portrait, photograph, or other likeness is so used, . . . may bring an action to enjoin such unauthorized publication, printing, display or other public use, and to recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty, and punitive or exemplary damages.

Fla. Stat. § 540.08(2). Billy Fuccillo has not proffered any evidence of injuries or losses sustained. As with the claim in Count I, however, the Court observes that Billy Fuccillo did prevail on his claim in Count V. Plaintiffs request nominal damages for

5

this victory. Accordingly, the Court will award Billy Fuccillo nominal damages in the amount of $1.00 for prevailing on this claim.

As for Plaintiffs' claims in Counts II, III, and IV, Plaintiffs request an order of dismissal. Doc. 87 at 2. Under Rule 41(a)(2), an action may be dismissed at the plaintiff's request by court order on terms that the court deems proper. Plaintiffs have chosen not to pursue their claims for federal unfair competition, violation of Florida's Deceptive and Unfair Trade Practices Act, and common law unfair competition. That is their prerogative, but the Court finds that dismissal with prejudice is warranted. Plaintiffs have had an opportunity to pursue these claims in court and it would be a waste of judicial resources to allow Plaintiffs to pursue these claims again at some point in the future. Accordingly, the Court will dismiss Plaintiffs' claims in Counts II, III, and IV, with prejudice. Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

1. Plaintiffs' Notice of Motion Pursuant to 15 U.S.C. § 1117(d) and FRCP 41(a)(2) (Doc. 87) is **GRANTED**.

2. Plaintiffs, William B. Fuccillo and Fuccillo Automotive Group, Inc., shall recover from Defendant Trent Silver as to Count I statutory damages in the amount of One Thousand Dollars ($1,000.00).

3. Plaintiff, William B. Fuccillo, shall recover from Defendant Trent Silver as to Count V nominal damages in the amount of One Dollar ($1.00).

4. Plaintiffs' claims in Counts II, III, and IV are **DISMISSED with prejudice**.

5.	The Clerk is directed to enter judgment in favor of Plaintiffs, William B. Fuccillo and Fuccillo Automotive Group, Inc, in the total amount of One Thousand Dollars ($1,000.00), with interest as provided by law, and against Defendant, Trent Silver, as to Count I. The Clerk is further directed to enter judgment in favor of Plaintiff, William B. Fuccillo, in the total amount of One Dollar ($1.00), with interest as provided by law, and against Defendant, Trent Silver, as to Count V.

6.	The Clerk is further directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on May 18, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any